**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JEFFREY FRANCE,

    Petitioner,

    v.                                                        Civil Action No.:  GJH-20-657

WARDEN,

    Respondent.

**MEMORANDUM OPINION**

    In response to the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondent asserts that the petition should be dismissed because it is time-barred, unexhausted, procedurally defaulted, substantively without merit, and does not state a federal claim.  ECF No. 15.  Petitioner Jeffrey France filed a Reply.  ECF No. 16.  No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the petition shall be dismissed and a certificate of appealability shall not issue.[1]

I.    **Background**

    A.    **Parole Commission's Decisions**

    France filed this petition challenging the validity of the Maryland Parole Commission's decision to suspend a conditional approval for his release on parole on February 25, 2015.  ECF No. 15-10 (parole decision dated November 5, 2014).  France explains that he was approved for

---

[1] France's pending Motion to Proceed in Forma Pauperis shall be granted.

release on parole conditioned in part on his completion of a domestic violence[2] class offered through the Maryland Division of Correction.  ECF No. 1 at 2.  The Parole Commission suspended the approval, according to France, because it "falsely and incorrectly contend[ed] he had refused to participate in the domestic violence class."  *Id*.

In a memorandum dated March 11, 2015, France was advised by the Chairman of the Commission that his approval was suspended because "Inmate does not want to take Domestic Violence Therapy."  ECF No. 15-12.

France was given another parole hearing on August 5, 2015 and a recommendation for a rehearing for August 2016 was made as a result of the hearing to allow France time to address the domestic violence group issue.  ECF No. 15-37 at 2, ¶ 2(c).  The hearing officer's recommendation was sent to a Parole Commissioner for review.  *Id*. at ¶ 2(d).

The reviewing Parole Commissioner issued a disapproval of the August 5, 2015 recommendation on August 7, 2015.  ECF No. 15-37 at 2, ¶ 2(e).  The rationale for the disapproval was that France "did not complete the recommendations/contingencies of last hearing" and in the view of the Parole Commissioner a refusal of parole should be issued.  *Id*. at 3.  The Commissioner further noted France's extensive criminal history, violations of community supervision, and his pattern for "assault (domestic violence)."  *Id*.  France's case was automatically referred to a two-commissioner appellate panel for issuance of a final decision.  *Id*. at ¶ 2(f).

The two-commissioner appellate panel issued a decision to rehear France in November, 2017, noting that "[w]hile panel shares reviewing commissioner's frustrations and comments, it is

---

[2] France was convicted of second-degree assault following an altercation involving the mother of his child where it was reported that France hit her, choked her and dragged across the yard by her hair.  The assault was witnessed by a third party.  A portion of France's sentence was suspended, and he was directed to only contact the victim of the assault about child custody matters.  His probation was revoked twice after France sent threatening letters to the victim while he remained incarcerated.  *See France v. Warden*, Civ. Action GJH-20-631 (D. Md. 2020), *see also* ECF No. 15-18 at 24 (application for statement of charges).

hoped that a lengthier rehearing will allow offender to participate and complete programs while realizing the seriousness of his pattern of behavior." ECF No. 15-37 at 3, ¶ 2(g). France received a copy of this decision on September 3, 2015. *Id.*

During an Inmate Grievance Office ("IGO") hearing held on February 13, 2016 before Administrative Law Judge ("ALJ") Susan Sinrod, France presented testimony from Richard Cooley, LCSW-C. ECF No. 15-22 at 10-12. Cooley agreed with France's position that he never refused to participate in the domestic violence group. *Id.* at 11. The "refusal" was based on a questionnaire conducted by Ms. Lyn on February 12, 2015 to assess whether France qualified for the program. *Id.* at 10. She determined that France was not "treatment ready" based on his responses wherein he did not admit he had a domestic violence problem. *Id.*; *see also* ECF No. 15-31 at 15 (questionnaire including France's account of the second-degree assault on his girlfriend). Cooley testified that had he conducted the same evaluation Ms. Lyn gave France and received the same answers, he would have reached the same conclusion Ms. Lyn did. ECF No. 15-22 at 11. The ALJ concluded that France's delayed parole release was rescinded not because of a false statement that France "refused" to participate in the program, but because Ms. Lyn's professional assessment that France was not "treatment ready." *Id.* at 12.

France's next parole hearing was held on November 2, 2017 and resulted in a recommendation to refuse parole. ECF No. 15-37 at 3, ¶ 2(h). The reviewing parole commissioners adopted the recommendation, noting:

> Offender is serving his 4th [major adult incarceration]. Offender has a history of violence. This is his 3rd hearing. He has partial compliance with prior recommendations. Due to his adjustment record and increase[d] security level since last hearing, parole is not warranted.

*Id.* France exercised his right to appeal the 2017 refusal decision to a two-commissioner appellate panel. *Id.* at 3-4, ¶ 2(i).

On November 30, 2017, the Commission issued a final decision refusing France parole. ECF No. 15-37 at 4, ¶ 2(j).  In the final decision the Commission observed:

> [France] expresses his disagreement with what the file shows is his concern that he does not need [domestic violence] programming.  However, his criminal history shows several convictions for assault [second-degree] and letters from [France] to his girlfriend belie his belief that he doesn't need [domestic violence programming].  His refusal to complete [domestic violence programming] requires refusal.

*Id*.  France received a copy of the decision refusing parole on January 3, 2018.  *Id*. at ¶ 2(k).

On January 29, 2018 France filed a petition for administrative mandamus in the Circuit Court for Baltimore County challenging the Parole Commission's decision to refuse parole.  ECF No. 15-35.  In the context of that case Commissioner Reynolds reviewed the parole file again and noted that France had completed the domestic violence program in the Division of Correction and the decision was reconsidered.  ECF No. 15-2 at 2 (Affidavit of David Blumberg).  In May of 2018 Commissioners Reynolds and Keckler declined to change the decision to refuse parole due to his institutional adjustment after August of 2015, the increase in his security level in the Division of Correction, his criminal history, his harassment and intimidation of his ex-girlfriend, and "his written threats to murder his ex-girlfriend, their young son, and employees of the Parole Commission upon his release."  *Id*.

**B.**     **State Court Proceedings**

On August 24, 2015, France filed a petition for writ of habeas corpus in the Circuit Court for Washington County, Maryland wherein he challenged the August 17, 2015 decision delaying consideration for his parole until November of 2017.  ECF No. 15-17.  In that petition France maintained that since he was found ineligible for the domestic violence program his request to be immediately released on parole should have been granted as he had already completed all treatment programs for which he is eligible.  *Id*. at 1.  Instead of granting that request, France claimed that

the recommendation for him to be re-evaluated for the domestic violence program was an insinuation for him to change his answers to the evaluation questions to make himself eligible for the program. *Id*. He further maintained that the Parole Commission did not have the authority to require completion of the domestic violence program as a contingency for release but could only require an evaluation for eligibility for the program. *Id*.

In its December 2, 2015 Memorandum and Order denying France's habeas petition, the Circuit Court for Washington County stated:

> Only a prisoner entitled to walk out of prison that day as a free person may receive a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 348 Md. 245, 260 (1997) (stating that habeas corpus proceedings are available when a prisoner claims he is entitled to immediate release and that same claim is colorable). The petitioner is not entitled to habeas corpus relief. A liberty interest in parole arises only after the inmate is served with an Order for Parole; *see Patuxent Institution Bd. Of Review v. Hancock*, 329 Md. 556, *cert. denied*, 510 U.S. 905 (1993); and the decision to approve a prisoner for parole may be reconsidered at any time, for any reason, until the formal Order for Parole is issued. *See* Code of Maryland Regulation 12.08.01.23 ("Any case may be reviewed at the discretion of the Commission at any time upon receipt of new information of significance relative to the possibility of parole.").
>
> The Parole Commission had not yet issued a final Order for Parole in the petitioner's case, and was therefore, within its rights to review the petitioner's case upon learning that the conditions upon which his parole was condition were not met. Consequently, the petitioner's liberty interest had not yet attached, and his incarceration is lawful.

ECF No. 15-21 at 3-4.

France did not appeal the Circuit Court's decision denying habeas relief, but on January 22, 2018 he filed a motion to reconsider the denial of his petition. ECF No. 15-22. The motion was denied by marginal order on February 12, 2018 and France filed an appeal to the Maryland Court of Special Appeals. ECF No. 15-23; ECF No. 15-24. In a decision dated November 25, 2019, the appellate court affirmed the Circuit Court's denial of France's motion for reconsideration because his motion "was not based on fraud or irregularity and his argument that the Parole

Commission erred in suspending its approval for a conditional delayed release was not the type of 'mistake' contemplated by Courts & Judicial Proc., § 6-408 or [Maryland] Rule 2-535(b)."  ECF No. 15-25 at 4.  France did not file his motion for reconsideration within 30 days after the entry of judgment which meant that under Maryland law his motion could not be considered pursuant to Md. Rule 2-535(a), allowing a court to exercise revisory power and control over the judgment; rather the motion was considered under Md. Rule 2-535(b) which allows the court to exercise revisory power over the judgment in case of fraud, mistake, or irregularity.  *Id*.

France sought certiorari review in the Maryland Court of Appeals.  ECF No. 15-26.  The Court of Appeals denied the petition on February 28, 2020.  ECF No. 15-28.

France also filed a habeas corpus petition in the Circuit Court for Baltimore City challenging the Parole Commission's August 17, 2015 decision to reconsider him for parole in November of 2017.  ECF No. 15-29 (petition).  The petition was denied as barred by claim preclusion.  ECF No. 15-30.

As already noted, France filed an administrative mandamus action in the Circuit Court for Baltimore County on January 29, 2018 which sought review of the Parole Commission's 2015 suspension of its conditional delayed release on parole for March of 2016.  ECF No. 15-35.  That petition was dismissed as untimely on February 14, 2018.  ECF No. 15-36.  After the Parole Commission moved to dismiss the petition as untimely with respect to the 2015 suspension decision and noted that the petition was timely to the extent it challenged the November 30, 2017 decision to refuse parole (*see* ECF No. 15-37), the Circuit Court reconsidered its decision dismissing the petition as untimely and allowed the case to proceed regarding the November 30, 2017 decision.  ECF No. 15-38.  A hearing was held on September 18, 2018 and the petition was

denied by the judge in a ruling from the bench.  ECF No. 15-39.  France did not appeal the denial of this petition.

## II.     Discussion

Respondent asserts in pertinent part that France's petition must be dismissed because it does not raise a federal claim.  ECF No. 15.  In his Reply, France maintains that the "time frame for consideration is limited to 8-2-12 to 3-31-16 because this appeal[3] addresses the suspension of the March 206 release."  ECF No. 16 at 1.  France then maintains his petition is timely because it was filed within one-year of the motion for reconsideration of the denial of his State petition for writ of habeas corpus.  *Id*.  Whether the petition filed with this Court is timely or not, France has failed to raise a cognizable claim.

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings."  *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005).  The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S.415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of,

---

[3] France refers to the pending Petition for Writ of Habeas Corpus as an "appeal."  ECF No. 16.  This terminology is inaccurate; this Court does not entertain appeals from State court decisions.

clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Here, France raises issues that involve Maryland State law regarding release on parole that do not implicate a federal constitutional right. By virtue of a valid criminal conviction and his subsequent, legal confinement, a prisoner loses his expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). In order to invoke pre-deprivation procedural due process protections, a prisoner must first establish that he has been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). Lack of opportunity to earn or have applied diminution credits to secure an early release is not an atypical and significant hardship. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. *Greenholtz v. Inmates of Nebraska Penal & Corr'al Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 20 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v.*

*Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997), *see also Bryant v. Md.*, 848 F.2d 492 (4th Cir. 1988) (Prisoners in Maryland have no liberty interest in parole unless an Order for Release on Parole has been issued and the prisoner has signed it indicating acceptance of the terms).

France's petition raises only his assertions that Maryland State law was violated, a question that every Maryland court to consider the matters asserted by France has answered definitively that nothing in the laws cited by France prohibited the decisions made. Accordingly, the petition must be dismissed.

## III.    Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (February 22, 2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U. S.C.§ 2253(c)(2). France may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

_5/24/2021_____                         /s/_____
Date                                             GEORGE J. HAZEL
                                                 UNITED STATES DISTRICT JUDGE